IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNDERGROUND VAULTS & STORAGE, INC.,    )
                                       )
                      Plaintiff,       )      **CIVIL ACTION**
                                       )
v.                                     )      No.  11-1067-MLB
                                       )
CINTAS CORPORATION, et al.,            )
                                       )
                      Defendants.      )
_____)

### MEMORANDUM AND ORDER

This case comes before the court on Cintas' motion for judgment as a matter of law or, in the alternative, motion for a new trial and motion to amend the judgment. (Doc. 163). The motion has been fully briefed and is ripe for decision. (Docs. 166, 168). Cintas' motion is granted in part and denied in part for the reasons herein.

**I.    Background[1]**

This case was tried to a jury in late April and early May 2014. The jury heard testimony from twelve witnesses over seven trial days. The jury returned a verdict in favor of Underground Vaults & Storage (UVS) on May 14. (Doc. 159). The jury found that UVS and Cintas formed a joint venture, Cintas breached the joint venture, and Cintas breached its fiduciary duty to UVS. The jury awarded compensatory damages in the amount of $2,892,053 and punitive damages in the amount of $8,000,000.

Cintas moves for judgment as a matter of law on the basis that

---

[1]   This case was originally assigned to Judge John Lungstrum. Judge Lungstrum ruled on defendants' motion for summary judgment on July 22, 2014. (Doc. 77). The case was then reassigned to the undersigned on August 1, 2013.

UVS failed to present legally sufficient evidence upon which the jury could have found for UVS on all of its claims. Alternatively, Cintas moves for a new trial on the basis that the jury's verdict is overwhelmingly against the weight of the evidence and that the court erred in instructing the jury on UVS' burden of proof. Finally, Cintas requests that the court alter or amend the judgment of punitive damages pursuant to Rule 59(e).

## II.   Analysis

### A.   Judgment as a Matter of Law

Cintas moves for judgment as a matter of law on the grounds that UVS failed to present sufficient evidence to establish that 1) a joint venture existed; 2) Cintas breached the joint venture; 3) Cintas breached a fiduciary duty; and 4) Cintas acted in a willful or malicious manner. A renewed motion for judgment as a matter of law under Fed. R. Civ. P. 50 "may be granted only when, without weighing the credibility of the evidence, there can be but one reasonable conclusion as to the proper judgment." See Aerotech Res., Inc. v. Dodson Aviation, Inc., 191 F. Supp.2d 1209, 1212–13 (D. Kan. 2002) (quoting Jackson v. City of Albuquerque, 890 F.2d 225, 230 (10th Cir. 1989)). Judgment as a matter of law is appropriate "only if the proof is all one way or so overwhelmingly preponderant in favor of the movant as to permit no other rational conclusion." Id. (quoting J.I. Case Credit Corp. v. Crites, 851 F.2d 309, 311 (10th Cir. 1988)). "In determining whether the grant of a motion for judgment n.o.v. is appropriate, the court must view the evidence and indulge all inferences in favor of the party opposing the motion and cannot weigh the evidence, consider the credibility of witnesses or substitute its

-2-

judgment for that of the jury." <u>Id.</u>

**1.    Joint Venture**

With respect to the formation and breach of the joint venture, the court instructed the jury as follows:

> UVS claims that Cintas and UVS formed a joint venture/partnership.
>
> A joint venture is an association of two or more corporations to carry out a single business enterprise for profit. A joint venture is legally similar to a partnership. A joint venture can exist only by the agreement of the parties, and such an agreement may be found in the mutual acts and conduct of the parties.
>
> In deciding whether UVS and Cintas formed a joint venture/partnership, you may consider any of the following shown by the evidence:
>
> (1) The joint ownership and control of property;
> (2) The sharing of expenses, profits and losses, and having and exercising some voice in determining the division of the net earnings;
> (3) A community of control over and active participation in the management and direction of the business enterprise;
> (4) The intention of the parties, express or implied; and
> (5) The fixing of salaries by joint agreement.
>
> No single one of these acts is controlling in the determination of whether a joint venture exists.

(Doc. 156, Inst. No. 4).[2]

> UVS claims that Cintas breached the joint venture/partnership agreement.
>
> To prevail on its claim for breach of the joint venture/partnership agreement, UVS must prove:
>
> (1) UVS performed its obligations under the joint venture/partnership agreement or was willing to perform in compliance with the terms of the joint venture/partnership

---

[2] The elements are taken from the PIK instruction on joint venture. PIK 4th 107.26. Those elements are derived from the Kansas Supreme Court's decision in <u>Modern Air Conditioning, Inc. v. Cinderella Homes, Inc.</u>, 226 Kan. 70, 596 P.2d 816 (1979).

agreement;
     (2) Cintas breached the joint venture/partnership
agreement; and
     (3) UVS sustained damages as a result of the breach.

          UVS has the burden of proving both the formation
and the breach of the joint venture/partnership by a
preponderance of the evidence.   A party who must prove
something by a preponderance of the evidence must persuade
you that its claims are more probably true than not true.

          To prove that something is more likely true than
not true does not necessarily mean by the greater number of
witnesses, or the length of the presentation of testimony,
but rather by the greater weight of the evidence, taken
together--that is, that evidence upon any question or issue
which convinces you most strongly of its truthfulness.   If
the evidence on an issue is equally balanced, then the
party having the burden to establish that issue must fail.

(Doc. 156, Inst. No. 6).

## Burden of Proof

     Cintas argues that the court erred in instructing the jury that

UVS had the burden to prove the formation of the joint venture by a

preponderance of the evidence.   Cintas contends that Kansas law

requires UVS to prove its claim by clear and convincing evidence.

Cintas raised this same argument on summary judgment.   Judge Lungstrum

ruled as follows:

          The parties dispute whether UVS must establish the
     existence of the joint venture by clear and convincing
     evidence. Cintas cites to statements that the existence of
     a fiduciary relationship must be established by clear and
     convincing evidence under Kansas law. See, e.g., Rajala v.
     Allied Corp., 919 F.2d 610, 615-16 (10th Cir. 1990).
     In neither Terra Ventures nor Meyer, however, did the Tenth
     Circuit apply such a standard in determining whether there
     was sufficient evidence of the existence of a joint
     venture. Nor did the Kansas Supreme Court apply such a
     standard in Modern Air Conditioning, even though it did
     apply the standard in considering punitive damages later in
     the opinion.  See 226 Kan. at 79. Thus, the Court is not
     persuaded that the Kansas Supreme Court would require that
     the existence of a joint venture be established by clear
     and convincing evidence.

-4-

(Doc. 77 at 10, n. 1).

At trial, Cintas objected to the burden of proof and submitted an instruction setting forth the heightened standard but did not cite to any new authority. The court denied Cintas' proposed instruction, citing Judge Lungstrum's order. In its renewed motion for judgment, Cintas again cites the same authority in support of its position that the burden of proof is the heightened clear and convincing standard. The court is not persuaded. As reasoned by Judge Lungstrum, the most recent Kansas Supreme Court and Tenth Circuit decisions do not utilize a heightened burden of proof in establishing a joint venture. See Meyer v. Christie, 634 F.3d 1152, 1158-59 (10th Cir. 2011); Terra Venture, Inc. v. JDN Real Estate-Overland Park, L.P., 443 F.3d 1240, 1245-46 (10th Cir. 2006); Modern Air Conditioning, Inc. v. Cinderella Homes, Inc., 226 Kan. 70 (1979). Therefore, the court did not err in instructing the jury that UVS had the burden to establish the existence of a joint venture by a preponderance of the evidence.

### Agreement to Share Profits

Cintas contends that judgment as a matter of law on UVS' breach of joint venture claim is warranted because UVS failed to introduce evidence that the parties agreed to share profits, a factor which Cintas argues is essential to the existence of a joint venture. In support of its argument, Cintas cites to Nature's Share, Inc. v. Kutter Products, Inc., 752 F. Supp. 371, 383 (D. Kan. 1990) and Sw. Nat'l Bank of Wichita v. ATG Const. Mgmt., Inc., 241 Kan. 257 (1987). In Nature's Share, Judge Crow held that an agreement to share profits is essential to a joint venture, citing to a 1939 Kansas Supreme Court decision. See Yeager v. Graham, 150 Kan. 411, 419 (1939). In Sw.

-5-

Nat'l Bank, the Kansas Supreme Court held that the plaintiff did not establish a joint venture after a review of all of the Modern Air Conditioning factors.   The decision does not discuss the factors in isolation or hold that one factor is determinative.

Since those decisions, the Tenth Circuit has decided both Meyer and Terra Ventures.   Both decisions hold that the five factors set forth in the Kansas Supreme Court's decision of Modern Air Conditioning are "not exclusive or outcome-determinative." Meyer, 634 F.3d at 1158.   The jury was instructed that "no single one of these acts is controlling in the determination of whether a joint venture exits." PIK 4th 107.26.   This instruction is in accordance with Tenth Circuit and Kansas law.

Therefore, the lack of an agreement to share profits does not defeat UVS' joint venture claim.

### Sufficiency of the Evidence

Finally, Cintas spends a significant amount of time restating the factors and applying its view of the evidence to persuade the court that UVS failed to present sufficient evidence to establish the formation and breach of a joint venture.   The court is not persuaded. Over the course of the trial, the jury heard evidence from several witnesses concerning the parties' joint efforts to successfully win the Boeing document storage contract.   The court will briefly discuss the factors the jury was instructed to consider and UVS' evidence presented to the jury.

The first factor is joint ownership and control of property. Cintas argues that the parties did not jointly own or control any property.   While there was no joint ownership of property, UVS did

present evidence that the parties agreed to jointly control the documents during the transition stage. Moreover, both UVS and Cintas were to have access to the documents while in storage at UVS' facilities.

The second factor is the sharing of expenses, profits and losses. The jury did not hear any evidence on this factor. As discussed above, the absence of evidence of an agreement to share profits and expenses does not defeat UVS' claim.

The third factor is community of control over and active participation in the management and direction of the business enterprise. Cintas argues that there was no evidence on this factor because Boeing and Cintas were the only parties to the contract and Cintas bore all the risk. As pointed out by UVS, the purpose of the joint venture was to jointly place a successful bid on the storage of Boeing's engineering documents. At trial, there was significant evidence establishing that UVS and Cintas worked together on the bid proposal. Meyer, 634 F.3d at 1159 (evidence of consultation on aspects of the project establishes a community of control). Moreover, a submission to Boeing set forth the various services which would by provided to Boeing by both Cintas and UVS. (Doc. 166, exh. 22).

The fourth factor is the intention of the parties. Cintas argues that "the evidence conclusively established that both parties contemplated operating as separate and distinct entities." (Doc. 163 at 21). While there was evidence in the unsigned lease agreement that UVS was considered a subcontractor, there was also significant evidence that Cintas repeatedly referred to UVS as its "partner." Moreover, responses to Boeing's bid request state that Cintas and UVS

-7-

were "team[ing] together" to create a solution and Cintas and UVS were "delivering a Best of Breed solution." (Doc. 166, exh. 22).

The fifth factor is the fixing of salaries by joint agreement. There was no evidence that there was a joint agreement to fix salaries. The jury was instructed to consider all five factors and the lack of evidence of this factor, is not outcome-determinative. Meyer, 634 F.3d at 1158.

After a brief review of the evidence, the court finds that UVS submitted substantial evidence of three of the five factors that were considered by the jury. Although Cintas asserted throughout trial that UVS was a subcontractor and not a partner in a joint venture, the jury's verdict demonstrated that it believed the testimony and theory of UVS' witnesses. Based on the evidence offered at trial, and viewing the evidence in UVS' favor, the court cannot find as a matter of law that the evidence was overwhelmingly preponderant in favor of Cintas. Therefore, Cintas' motion for judgment as a matter of law on the issue of the formation of a joint venture is denied.

### Breach of Joint Venture

Cintas contends that even if the evidence could support a formation of a joint venture, UVS failed to present legally sufficient evidence that UVS was willing to perform under the terms of the joint venture because UVS sought to impose additional terms. UVS, however, presented evidence that its pricing differences were worked by late October 2010. Based on the verdict returned by the jury, the jury rejected Cintas' view of the evidence and found UVS was willing to perform. Viewing the evidence in UVS' favor, the court cannot find as a matter of law that the evidence is "overwhelmingly preponderant

in favor of the movant as to permit no other rational conclusion." Crites, 851 F.2d at 311.

Therefore, Cintas' motion for a judgment as a matter of law on UVS' claim for breach of the joint venture is denied.

## 2. Breach of Fiduciary Duty

Cintas moves for judgment as a matter of law on UVS' claim for breach of fiduciary duty because UVS failed to establish that Cintas breached any of the limited fiduciary duties that Kansas law imposes on a partner in a joint venture, citing to K.S.A. 56a-404, a statute contained in the Kansas Partnership Act.[3] Section 56a-404(a) states that the "only fiduciary duties a partner owes to the partnership and the other partners are the duty of loyalty and the duty of care set forth in subsections (b) and (c)." The statue goes on to list the duties in a partnership. Cintas contends that these are the only duties it had to UVS because the Kansas Supreme Court has held that "the rights and liabilities of joint ventures are governed practically

---

[3] The court did not submit Cintas' proposed instruction to the jury. The proposed instruction set forth the limited fiduciary duties of partners under the Kansas Partnership Act. (Doc. 141 at 11).
    The court instructed the jury as follows with respect to UVS' claim of breach of fiduciary duty:

> A fiduciary has the duty to act in good faith and loyalty to advance the interests of the party placing confidence in it.

> To prove its claim for breach of fiduciary duties, UVS has the burden of proving each of the following elements by a preponderance of the evidence:

> (1)  Cintas violated its duty of loyalty to UVS by denying UVS' participation in the Boeing project; and
> (2)  UVS sustained damages.

(Doc. 156, Inst. No. 7).

by the same rules that govern partners." <u>Modern Air Conditioning</u>, 226 Kan. at 75.  While the courts may utilize the same "rules" that govern partners to determine rights and liabilities of joint ventures, there is no authority to support a finding that the <u>statutes</u> enacted under the Kansas Partnership Act apply to joint ventures.

Therefore, the court properly instructed the jury on UVS' claim for breach of fiduciary duty.  Cintas' motion for judgment as a matter of law is denied.

### 3.  Punitive Damages

Cintas contends that UVS' claim for punitive damages fails as a matter of law because 1) the offending conduct constituting the breach of joint venture and breach of fiduciary duty is the same, 2) UVS does not have additional damages, and 3) there was insufficient evidence of willful or malicious conduct.

Kansas law precludes an award of punitive damages on an action for breach of contract unless a plaintiff has alleged an independent tort which results in additional injury.  <u>See Osgood v. State Farm Mut. Auto. Ins. Co.</u>, 848 F.2d 141, 144 (10th Cir. 1988); <u>Farrell v. Gen. Motors Corp.</u>, 249 Kan. 231, 247 (1991); <u>Hess v. Jarboe</u>, 201 Kan. 705, 709 (1968).  In this case, the jury found that Cintas breached its fiduciary duty to act in good faith.  <u>See Modern Air Conditioning</u>, 226 Kan. at 79 (breach of fiduciary duty is an independent tort on which punitive damages may be found); <u>see also</u> Doc. 77 at 26-27.  The question then is whether there was evidence at trial of an additional injury to UVS, beyond the breach of the joint venture, "flowing from [the] independent tort."  <u>Osgood v. State Farm Mut. Auto. Ins. Co.</u>, 848 F.2d 141, 144 (10th Cir. 1988).

-10-

UVS contends that it did suffer injury "above and beyond the anticipated profits that it lost." (Doc. 166 at 21). The alleged injury is damage to its reputation due to Cintas' representation to Boeing that UVS was "gouging Cintas." UVS also contends that the late disclosure of Cintas' decision to store the documents at its Denver location caused UVS to expend resources in preparing storage bays. UVS, however, does not cite to any evidence introduced at trial to support its position.[4] The court does not recall any evidence that UVS' reputation was damaged by Cintas. While there was evidence that UVS was preparing the bays for the Boeing documents, there was no specific evidence of an additional monetary loss as a result of Cintas' breach of its fiduciary duty, i.e. different and distinct from the damages incurred as a result of the breach of the joint venture.

Moreover, UVS did not request a jury instruction identifying the alleged breach of fiduciary duty, i.e. defamation and/or late disclosure, and any damages which flowed from the breach. The instruction concerning breach of fiduciary duty, to which UVS did not object, specifically stated that the breach occurred when Cintas "violated its duty of loyalty to UVS by denying UVS' participation in the Boeing project." Jury Inst. No. 7. Cintas' actions in denying UVS participation in the Boeing contract is the same conduct which resulted in a breach of the joint venture. The jury verdict supports this conclusion. The jury awarded compensatory damages in the amount

---

[4]  UVS cites to joint exhibit 192 to support its position that its reputation was impugned. The exhibits show costs related to the storage of Boeing documents at UVS' facility. They do not contain disparaging statements concerning UVS. Moreover, UVS fails to cite to any testimony by a witness that these exhibits, which were presented to Boeing, caused damage to UVS' reputation.

of $2,892,053.   This amount is the exact figure introduced into evidence by UVS' expert representing the amount of lost profits to UVS over a period of ten years.  (Exh. 505).  Therefore, the court finds that the jury did not find additional loss as a result of the breach of fiduciary duty.  See <u>Cornwell v. Jespersen</u>, 238 Kan. 110, 121 (1985) ("All injury to the plaintiffs flowed directly from the breach of the defendants' contractual duty to fill the holes, restore the surface and pay damages. Their failure to do so—even if intentional or unjustified—was not an independent tort causing *additional* injury.")(emphasis in original).

Because UVS did not introduce evidence to establish an additional injury beyond lost profits and the jury did not award any damages above and beyond lost profits, an award of punitive damages in this case is not allowed under Kansas law.  See <u>Osgood</u>, 848 F.2d at 145 (punitive damages are not allowed in a breach of contract action when no additional sum of damages on the independent tort is claimed); <u>Cornwell</u>, 238 Kan. at 121; <u>Hess v. Jarboe</u>, 201 Kan. 705, 708-709 (1968) (in an action for a breach of partnership agreement, the plaintiff must establish injuries from the independent wrongful act in order to recover punitive damages.)

Cintas' motion for judgment as a matter of law on UVS' punitive damages claim is granted.

**B.   Motion for a New Trial**

Alternatively, Cintas moves for a new trial on the basis that the jury's verdict is "clearly, decidedly, and overwhelmingly against the weight of the evidence" and because the court erred in instructing the jury on the proper burden of proof.  (Doc. 163 at 27).  As discussed

-12-

supra, there was sufficient evidence to establish the existence of a joint venture and the subsequent breach. The court does not find that the verdict is against the weight of the evidence. The court has also determined that the burden of proof instruction was correct.

Therefore, Cintas' motion for a new trial is denied.[5]

## III. Conclusion

Cintas' motion for judgment as a matter of law is granted as to UVS' punitive damages claim and denied as to the remaining claims. Cintas' motion for a new trial is denied. Cintas' motion to alter or amend the judgment is denied as moot.

No motions for reconsideration will be considered.


IT IS SO ORDERED.

Dated this __8th__ day of September 2014, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE

---

[5] Cintas' motion to alter or amend the judgment is denied as moot.

-13-